COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:     Brandon Marquice Wilson v. The State of Texas

Appellate case number:   01-10-00434-CR

Trial court case number: 1190812

Trial court:              179th District Court of Harris County

On May 31, 2012, we abated this case and remanded it to the trial court "for the trial court to appoint new appellate counsel or, if appellant wishes, allow appellant to proceed pro se." In response, the trial court issued an "Order on Abatement."

In its order, the trial court found that the "Certification of Defendant's Right of Appeal" entered on November 11, 2010 was erroneously entered. The trial court further found that appellant "waived his right of appeal on April 1, 2009, as is reflected by the Trial Court's Certification of Defendant's Right of Appeal entered on that date." The record reflects that appellant originally pleaded guilty on April 1, 2009, in exchange for a recommendation from the State that the trial court defer adjudication of appellant's guilt and place appellant on community supervision. The certification of appellant's right to appeal, executed on April 1, 2009, applied to this plea-bargain agreement. *See* TEX. R. APP. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order."); *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006). Subsequently, the State moved to adjudicate appellant's guilt and, on April 14, 2010, appellant was adjudicated guilty and sentenced to 12 years' imprisonment. Although appellant pleaded true to the allegations in the motion to adjudicate, his plea at the revocation hearing did not impose any restrictions on his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2) (imposing restrictions on appeals from pleas of guilty or nolo contendere with agreed punishment recommendations); *Hargesheimer*, 182 S.W.3d at 912, 913; *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Further, the record does not reflect that appellant waived his right to appeal from the decision to adjudicate his guilt. On November 11, 2010, the trial court executed a certification of appellant's right to appeal from the order adjudicating appellant's guilt, which correctly states that appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Hargesheimer*, 182 S.W.3d at 913. Therefore, because the record contains a certification of appellant's right to appeal that correctly states appellant has such a right, we are able to exercise jurisdiction over this case. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006).

In its order on abatement, the trial court also found that the appellant "intentionally failed to timely file notice of appeal" and that "[t]his is not the case where the notice was timely delivered to jail authorities." The record presently before the Court, however, does not contain evidence to support these findings but is in fact unclear as to whether appellant's notice of appeal was timely or not. The trial court entered its judgment adjudicating appellant's guilt on April 14, 2010. Appellant's notice of appeal was therefore due on Friday, May 14, 2010. *See* TEX. R. APP. P. 26.2(a)(1). Appellant, proceeding pro se, filed a notice of appeal that was not post-marked until Monday, May 17, 2010 and not filed by the district clerk until Wednesday, May 19, 2010. Nevertheless, if appellant delivered the notice to prison authorities on or before May 14, 2010, his notice was timely under the "prisoner mailbox rule." *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010); *see also* TEX. R. APP. P. 9.2(b), 26.2(a). The record contains no indication, however, regarding when appellant delivered his notice of appeal to prison authorities.

Accordingly, we ORDER the trial court to appoint new appellate counsel to represent appellant. Counsel's brief will be due 30 days from the date of the trial court's order of appointment. *See* TEX. R. APP. P. 38.6(a).

Judge's signature:/s/ <u>Justice Terry Jennings</u>
        ☑ Acting individually     ☐ Acting for the Court

Date: August 27, 2012